IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **AARON RAMON ETHRIDGE** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-413 |
| | § | |
| **PARIS POLICE DEP'T,** *et al.*, | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Aaron Ramon Ethridge ("Plaintiff"), currently incarcerated at the Joe Ney Unit in Hondo, Texas, proceeding *pro se* and *in forma pauperis*, filed this complaint pursuant to 42 U.S.C. § 1983 against Defendants the Paris Police Department and Gary Young. Currently pending is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) by the Paris Police Department (Dkt. #47) and a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) by Gary Young (Dkt. #48). After a review of the motions, the record, and applicable law, the Court finds that the motions should be granted and Plaintiff's claims should be dismissed with prejudice.

I.  Background

By way of an Amended Complaint filed February 8, 2023, Plaintiff sued Defendant the Paris Police Department and Gary Young (Dkt. #36).[1] Plaintiff sues the Paris Police Department for discrimination for two years or more "while being denied filing charges as I was assaulted multiple times losing my teeth at one occasion" and for discrimination on January 29, 2022, when he was

---

[1] In his Original Complaint, Plaintiff sued the above-named Defendants as well as Lamar County Sheriff's Department, the 6th District Court of Lamar County, and Wesley Tidwell. Plaintiff now only seeks relief from the Paris Police Department and Gary Young.

1

"wrongfully arrested" while walking when there was no warrant or call-in for his arrest.  *Id.*, pg. 3.  Plaintiff complains unidentified officers obstructed justice and violated his liberty.  *Id*.  As to Defendant Gary Young, Plaintiff identifies him as the District Attorney of Lamar County and contends that he obstructed justice by using evidence from an illegal arrest and incarceration for an indictment.  *Id*.  Plaintiff states this violated Texas Code of Criminal Procedure 38.23 and that Defendant Gary Young denied him equal protection of the laws under the Fourth, Fifth and Fourteenth Amendments "while forcing me to trial violating my liberty."  *Id*.  For relief, Plaintiff requests the court grant dismissal of the charges in Cause No(s) 29694/29695 as the evidence is insufficient and compensatory damages in the amount of 12 million dollars.  *Id.*, pg. 4.

Defendants were ordered to answer or otherwise plead on May 18, 2023 (Dkt. #43).  On July 13, 2023, Defendant the Paris Police Department filed the pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing it is a non-jural entity not subject to suit (Dkt. #47).  The following day, Defendant Gary Young filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing he is entitled to absolute immunity, that any claims against him for money damages in his official capacity are barred by Eleventh Amendment sovereign immunity, and that any request to dismiss Plaintiff's state criminal charges is moot and barred by the *Rooker-Feldman*[2] and *Heck*[3] doctrines(Dkt. #48).  Despite being given an opportunity to respond, Plaintiff has failed to do so.  The motions to dismiss are now ripe for review.

---

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[3] *See Heck v. Humphrey*, 512 U.S. 477 (1994).

II.     Standard of Review

The standard for evaluating a motion under Federal Rule of Civil Procedure 12(b)(6) and 12(c) is identical. *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). When a defendant files a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the trial court must assess whether a complaint states a plausible claim for relief. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 329–330 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). The Supreme Court clarified the standards that apply in a motion to dismiss for failure to state a claim in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. at 555. The Court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id*. The distinction between merely being possible and plausible was reiterated by the Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*. at 678. Courts need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Id*. A plaintiff meets this standard when he or she "pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

*Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). Mere "conclusory allegations or legal conclusions masquerading as factual conclusions" are not sufficient for a well-pleaded complaint. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conference v. Supreme Court of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

III.  Analysis

    A.  The Paris Police Department

Plaintiff has sued the Paris Police Department as a defendant. The Paris Police Department urges dismissal because it is a non-jural entity that cannot be sued.

"Rule 12(b) does not specifically authorize a motion to dismiss based on a lack of capacity to be sued." *Inclusive La. v. St. James Par.*, 702 F. Supp. 3d 478, 497 (E.D. La. Nov. 16, 2023); *Doe v. Mckesson*, 945 F.3d 818, 824 n.2 (5th Cir. 2019) (judgment vacated on other grounds). Nevertheless, "'[f]ederal courts . . . traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statutes' including motions raising a lack of capacity to sue or be sued." *Id*. (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1360 (3d ed. 2004)). Indeed, "[t]he Fifth Circuit has implicitly approved 12(b) motions arguing the lack of capacity to be sued." *Id*. In *Darby*, for example, the Fifth Circuit affirmed the district court's dismissal of claims brought against the

4

Pasadena Police Department, noting that the Police Department lacked the capacity to be sued, and that the City of Pasadena was the proper entity to sue. *Darby*, 939 F.2d at 314. Similarly, federal district courts across Texas have "repeatedly and consistently held that a county's jail and a county's sheriff's office are non-jural entities that lack the capacity to be sued under § 1983," and dismissed claims (primarily under Rule 12(b)(6)) on that basis. *Lind v. Lamar Cnty. Sheriff's Off.*, No. 4:22CV490, 2023 WL 8172415, at *3 (E.D. Tex. Aug. 3, 2023) (collecting cases), *adopted by*, No. 4:22-CV-490, 2024 WL 420114 (E.D. Tex. Feb. 3, 2024); *see also Connelly v. Nueces Cnty. Jail*, No. 2:22-CV-00207, 2023 WL 2938521, at *5 (S.D. Tex. Mar. 6, 2023) ("Plaintiff's allegations against the Nueces County Jail and the Nueces County Sheriff's Office [should] be dismissed with prejudice for failure to state a claim upon which relief may be granted, because those purported defendants are nonjural entities with no capacity to be sued." (citing FED. R. CIV. P. 12(b)(6))), *adopted by*, No. 2:22-CV-00207, 2023 WL 2938290 (S.D. Tex. Apr. 13, 2023); *Marshall v. Abbott*, No. 4:21-CV-384-SDJ-CAN, 2022 WL 671009, at *3 (E.D. Tex. Feb. 4, 2022) ("Plaintiff's claims must be dismissed with prejudice under Rule 12(b)(6) for failure to state a claim because the Collin County Sheriff's Office is a nonjural entity with no capacity to be sued."), *adopted by*, No. 4:21-CV-384, 2022 WL 659159 (E.D. Tex. Mar. 4, 2022); *Coates v. Brazoria County*, 894 F. Supp. 2d 966, 969 (S.D. Tex. 2012) (dismissing claims against the Brazoria County Juvenile Board under Rule 12(b)(6) because it lacked the capacity to be sued); *cf. Alcala v. Dallas County Sheriff's Dept.*, 988 F.2d 1210, 1210 (5th Cir. 1993) (affirming summary judgment because "Alcala has pointed [the Fifth Circuit] to no case in which a Texas sheriff's department has been deemed a legal entity for purposes of defending in an action such as the instant one [under Title VII of the Civil Rights Act of 1964]").

Here, Plaintiff has not pleaded any facts indicating that the City of Paris has taken explicit steps to grant the Paris Police Department with jural authority. *See Darby*, 939 F.2d at 313. "His suit, as it stands, seeks recovery from a legal entity that does not exist for his purposes." *Id*. at 314. Accordingly, Plaintiff's claims against the Paris Police Department should be dismissed.

B.  Gary Young

Plaintiff sues Defendant Gary Young, the District Attorney for Lamar County. Defendant Young seeks dismissal of the claims against him under the doctrine of absolute prosecutorial immunity, sovereign immunity, and the *Rooker-Feldman* and *Heck* doctrines.

1.  Sovereign Immunity

To the extent Plaintiff's claims are brought against Defendant Gary Young in his official capacity, his claims are barred by the Eleventh Amendment. *See* U.S. CONST. AMEND. XI. The Eleventh Amendment bars suits by private citizens against a state in federal court. *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011); *K.P. v. Leblanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)); *see* U.S. CONST. AMEND. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell v. Dep't of Social Serv. Of City of New York*, 436 U.S. 658, 690 n.55 (1978). The bar of the Eleventh Amendment is in effect when state officials are sued for monetary damages in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cory v. White*, 457 U.S. 85, 90, (1982). This is so because "a judgment against a public servant 'in his official

capacity' imposes liability on the entity that he represents." *Graham*, 473 U.S. at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

With regard to § 1983 claims, the Supreme Court has held a state is not considered a "person" within the meaning of the statute. *Will*, 491 U.S. at 64. Accordingly, although state officials literally are persons, if sued in their official capacities, they are not deemed "persons" for purposes of § 1983. *Id*. at 71. In other words, a suit against an official in his or her official capacity is not a suit against the official, but rather a suit against the official's office. *Id*.; *Brandon*, 469 U.S. at 471. As a suit against the official's office, it is no different from a suit against the state itself. *Will*, 491 U.S. at 71 (citing *Graham*, 473 U.S. at 165–66; *Monell*, 436 U.S. at 690 n.55). Thus, § 1983 suits brought against state officials in their official capacities for monetary damages or for retrospective relief are, likewise, barred under the Eleventh Amendment. *See id.*

The Fifth Circuit has stated on numerous occasions that district attorneys and assistant district attorneys in Texas are agents of the state when acting in their prosecutorial capacities. *See, e.g.*, *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009). Thus, Plaintiff's claims against Defendant Gary Young in his official capacity for monetary damages is subject to dismissal for want of jurisdiction based on sovereign immunity. *See Will*, 491 U.S. at 71; *see also* U.S. CONST. AMEND. XI.

    2.    <u>Absolute Immunity</u>

To the extent Plaintiff asserts § 1983 claims against Defendant Gary Young in his individual capacity for monetary damages, such claims are barred by prosecutorial immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269–73 (1993); *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993). Prosecutors are absolutely immune from liability in a civil rights lawsuit seeking monetary or other

retrospective relief for any actions taken by them within the course and scope of representing governmental agencies and subdivisions in judicial proceedings, i.e., when acting as advocates of the state. *Buckley*, 509 U.S. at 269–73; *Booker*, 2 F.3d at 116. "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley*, 509 U.S. at 273. Prosecutors are immune even if their actions are malicious or willful if the actions occur in the exercise of the advocatory function. *Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003).

Plaintiff has not alleged any facts showing that Defendant Gary Young was acting outside the course and scope of his role as an advocate for the State of Texas regarding the criminal prosecutions against him. Thus, Plaintiff's claims against Defendant Gary Young based on allegedly using evidence from an "illegal" arrest, using evidence from an "illegal" incarceration, and for failing to dismiss charges that occurred during Plaintiff's incarceration are subject to dismissal based on prosecutorial immunity.

### 3. *Rooker-Feldman* and *Heck*

Even assuming plaintiff's claims were not barred by absolute immunity they would be barred by the *Rooker–Feldman* doctrine. It is clear that all of plaintiff's claims in this lawsuit arise from or are related to the state criminal charges that were pending against him. The *Rooker–Feldman* doctrine is a common law doctrine that bars federal district courts from asserting subject matter jurisdiction in "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). In other words, the

*Rooker–Feldman* doctrine bars federal district courts from collaterally attacking or interfering with state court judgments and proceedings. *Saudi Basic*, 544 U.S. at 284; *Price v. Porter*, 251 F. App'x. 925, 926 (5th Cir. 2009).

A state court judgment is considered attacked for purposes of *Rooker–Feldman* when the losing party in a state court action seeks what in substance would be appellate review of a state judgment. *Weaver v. Tex. Capital Bank NA.*, 660 F.3d 900, 904 (5th Cir. 2011). The governing issue is whether the claims are inextricably intertwined with the state court judgment and thereby barred by *Rooker–Feldman* or whether there is an independent claim where the injury does not arise from the state court judgment. *Turner v. Cade*, 354 F. App'x 108, 110–11 (5th Cir. 2009). The Fifth Circuit has made clear "that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 690–91 (5th Cir. 1986).

It would not be possible for this court to review Plaintiff's claims and consider his requested relief without reviewing the merits of the state court decision regarding insufficient evidence. Thus, the court's review of Plaintiff's claim is barred by the *Rooker–Feldman* doctrine.

Defendant Gary Young argues that after filing this suit, Plaintiff entered a guilty plea to the very charges he challenges and is currently serving his sentence. *See* Exhibit B, pgs. 1-44 (Dkt. #48-2). As a result, Defendant Gary Young argues Plaintiff's request for a dismissal of those charges is rendered moot. The court agrees. Further, under *Heck*, 512 U.S. at 486–87, the court must dismiss a civil rights complaint filed under 42 U.S.C. § 1983 if its success would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Now that Plaintiff has pleaded guilty and is serving his sentence, any complaint he asserts is, in essence, a challenge to the validity of his conviction, and a ruling in his favor in this lawsuit would necessarily implicate the validity of his conviction and affect the duration of his confinement. For this court to consider any such claims, Plaintiff must demonstrate that his conviction and sentence have been reversed, invalidated, or otherwise set aside. *Heck* at 486–87. Despite being given the opportunity to do so, Plaintiff has not met this burden. Consequently, assuming Plaintiff's claims were not barred by absolute immunity or the *Rooker–Feldman* doctrine, his claims would be barred until such time as the conditions imposed by *Heck* were met.

IV. Conclusion

Based on the foregoing, it is **ORDERED** that the Motion to Dismiss filed by Defendant Paris Police Department pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #47) is **GRANTED**. It is, further, **ORDERED** the Judgment on the Pleadings filed by Defendant Gary Young pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. #48) is **GRANTED**. Plaintiff's claims against Defendants Paris Police Department and Gary Young are **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

SIGNED this 23rd day of September, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE